IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY D. DIXON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3930 |
| | : | |
| GALLAGHER BASSETT SERVICES, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

SÁNCHEZ, C.J.                                                                                   NOVEMBER 30, 2023

    Pro se Plaintiff Gregory D. Dixon brings this action for declaratory judgment against Defendants Gallagher Bassett Services ("GBS"), Healthcare Services Group Inc., and HCSG East, LLC ("HCSG"). (Compl. (ECF No. 2) at 1.)[1] Because Dixon cannot pay the fees to commence this civil action, the Court will grant leave to proceed *in forma pauperis*. But Dixon lacks standing to bring this case, as he is not a party to the insurance policy at issue. Therefore, the Court will dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATIONS**

    Dixon asserts that he was an employee of HCSG,[2] working at Lynnwood Nursing Home in Mobile, Alabama from February through May 5, 2022, when he suffered a violent workplace assault by a coworker. (*Id.* at 4-6.) Immediately following the altercation, Dixon contacted the Mobile Police Department and HCSG manager, Valerie Johnson. (*Id.* at 7.) Dixon told Johnson

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Dixon asserts that HCSG is "head-quartered" in Ewing, New Jersey, and is a subsidiary of Defendant Healthcare Services Group, Inc., which is "head-quartered" in Bensalem, Pennsylvania. (Compl. at 5.)

that as a result of the altercation and "previous threats to [his] life," he was leaving his employment at HCSG. (*Id*.) Dixon sought treatment for his neck injuries later that evening at the Ocean Springs Hospital in Oceans Springs, Mississippi and subsequently received a bill for services in the approximate amount of $700. (*Id.*) It appears from the allegations in the Complaint that this amount is still outstanding and is currently "in collections." (*Id.* at 5, 13.) Dixon allegedly advised those treating him at the hospital that although his injuries occurred at work, "**IT WAS NOT A WORK PLACE INJURY** . . . AND [he] WOULD BE FILING A DISCRIMINATION LAWSUIT AGAINST THE BUSINESS." (*Id.* at 7-8.) (emphasis in original).

Dixon "was in contact with" Kent Myers, the human resources director for HCSG, and Erica Kirkland from GBS[3] at some point following the altercation, and he refused both of their offers for workers compensation because his injuries were the result of workplace violence as opposed to an accidental injury. (*Id.* at 8-9.) It appears from the allegations in the Complaint that Dixon refused workers compensation because he believed it was "illegal" to accept those benefits since his injury resulted from violence as opposed to a "regular workplace injury." (*Id.* at 15.)

On June 1, 2023, Dixon called the hospital to inquire about his bill and learned that GBS, without his knowledge, had entered into an agreement with the hospital to have his medical bills reduced by 75%. (*Id.* at 8.) Dixon also learned that GBS had paid the hospital portion of the bill with "**WORKMAN'S COMP INSURANCE EVEN THOUGH IT WASN'T A WORKMAN'S COMP CLAIM.**" (*Id.*) (emphasis in original). Dixon further alleges that he

---

[3]  According to its website, GBS is "the world's premier provider of claims and risk management solutions." *See* Gallagher Bassett, *Your Partner for Claims and Risk Management Solutions,* available at  https://www.gallagherbassett.com/ (last accessed November 29, 2023).

"**NEVER RECEIVED A DIME FROM WORKMAN'S COMPENSATION.**" (*Id.* at 9.) (emphasis in original).

Dixon avers that Myers committed fraud by directing an employee of GBS to make workers compensation payments on his behalf even though he did not apply to receive such benefits. (*Id.* at 4, 5-6, 9-10.) Dixon further asserts that the Defendants "conspired" with an employee of the medical facility where Dixon was treated in order to get the hospital portion of his medical bills discounted by 75%, and then the Defendants paid his "claim" with workers compensation insurance even though Dixon was no longer employed by HCSG and never agreed to accept workers compensation. (*Id.* at 6.) Pursuant to the "Declaratory Judgment Act 28 U.S. Code § 2201," Dixon seeks the Court's ruling on the following issues:

> **A. Is insurance coverage owed to the former employee, in relation to his injuries[?]**
> **B. Whether the former employee has a right to "back payment" of Workman's Compensation Insurance Payments.**
> **C. Whether the former employee (the Plaintiff) even qualifies as an insured under the Defendants Workman's Compensation Insurance Policy.**

(*Id.* at 6.) (bolded in original). Dixon avers that he "still has bills open, and is seeking relief from the court in answering whether or not insurance coverage is [still] owed" to him as a result of the injuries he sustained during his employment with HCSG. (*Id.* at 15.) Myers allegedly told Dixon that no further payments are owed to him. (*Id.* at 16.)

Dixon avers that the Defendants' actions have caused him "irreversible pain, damage, and destruction" to his "personal life, character, and mental state" such that his credit has been "destroyed," and he has been rendered homeless. (*Id.* at 17.) Dixon seeks declaratory judgment as to the legal issues set forth above, including a determination

from this Court as to his eligibility to receive workers compensation benefits as a result of the May 5, 2022 incident and injuries sustained as a result thereof.

## II.     STANDARD OF REVIEW

The Court grants Dixon leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Dixon is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Dixon seeks declaratory relief under the federal Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201 and 2202.[4]  (Compl. at 1-2, 6, 14-17.)  However, he lacks standing to do so.  Under the federal Declaratory Judgment Act, a district court may "[i]n a case of actual controversy within its jurisdiction . . . declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201.  The threshold question before granting or denying declaratory relief, however, is whether a case or controversy exists.  *See Joseph Oliver Constr., LLC v. Utica First Ins. Co.*, No. 19-4352, 2020 WL 3791564, at *3 (E.D. Pa. July 7, 2020) (citing *Mager v. Travelers Home & Marine Ins. Co.*, No. 19-2469, 2020 WL 211548, at *3 (E.D. Pa. Jan. 14, 2020); *Carrasquillo v. Kelly*, No. 17-4887, 2018 WL 1806871, at *2 (E.D. Pa. Apr. 17, 2018).  "In order to establish standing, a plaintiff must show, among other things, that [he] is asserting [his] 'own legal interests rather than those of third parties.'"  *Id.* (citing *Carrasquillo*, 2018 WL 1806871, at *2).

In the insurance coverage context, courts in this Circuit have determined that, while injured third parties like Dixon may defend themselves in declaratory judgment actions the insurer initiates, they lack standing to seek declaratory judgment regarding insurance policies to which they are not parties.  *See Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Zonko Builders, Inc.*, No. 21-437, 2021 WL 4061564, at *11-12 (D. Del. Sept. 7, 2021) (citing *Carrasquillo*, 2018 WL 1806871, at *3; *Joseph Oliver Constr.*, 2020 WL 3791564, at *5 ("[A]n injured third party affirmatively seeking a declaratory judgment against an insurer lacks standing to do so."); *Reiss*

---

[4]  Dixon's citation to 18 Pa. C.S. § 4117 (*see* Compl. at 1-2, 4-5, 9-10), a Pennsylvania criminal statute that proscribes insurance fraud, is inapposite because criminal statutes generally do not give rise to a basis for civil liability.  *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action.").

*v. Pirone*, No. 19-21163, 2020 WL 4199740, at *5 (D.N.J. July 22, 2020) **.**"); *Mager*, 2020 WL 211548, at *4 (approving of *Carrasquillo* and finding that "[a]s a third-party plaintiff to the insurance policy at issue, Ms. Mager has not demonstrated that she has standing to seek declaratory judgment in this lawsuit as a matter of federal common law"); *Hickey v. Zurich American Insurance Company*, 2019 WL 6037080, at *2 (W.D. Pa. 2019) ("Although neither *Carrasquillo*, nor *ANI*, are binding on this Court, this Court concurs with the logic behind these decisions.  First, while clear precedent handed down by the United States Court of Appeals for the Third Circuit indicates that injured third parties – such as Plaintiff, in the instant matter – possess standing to defend themselves in a declaratory judgment action brought by an insurer of the alleged tortfeasor, there is no precedent from our Court of Appeals allowing an injured, third party such as Plaintiff, here, to pursue a declaratory judgment against the insurer of the alleged tortfeasor-insured.")).  Accordingly, Dixon, an injured third party seeking declaratory judgment as to his eligibility to receive workers compensation benefits, lacks standing to do so because he has not established that he is a party to the insurance policy between his employer, HCSG, and its insurer, GBS.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Dixon leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  See *Schaller v. United States Soc. Sec. Admin.*, 844 F. App'x 566, 573 (3d Cir. 2021) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal ... should [be] without prejudice.") (citing *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020)).

An appropriate Order follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**